IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GERNARD CHESTNUT,

    Plaintiff,
v.                                                                                              CASE NO. 4:14-cv-403-MW-GRJ

KENDRIC ROSS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the Florida Department of Corrections, initiated this case by filing a complaint and amended complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1, 2, 4. The case is before the Court for initial screening pursuant to 28 U.S.C § 1915A. For the reasons discussed below, the Court concludes that Plaintiff has failed to truthfully fill out the complaint form and, therefore, Plaintiff's complaint should be dismissed for abuse of the judicial process.

## DISCUSSION

Plaintiff alleges that in March or April of 2013, he was assaulted by Officer Kendric Ross while Plaintiff was confined in the Leon County Jail. Plaintiff alleges that Ross placed him in a room out of view of the pod camera, and then beat Plaintiff with his fist. Plaintiff seeks compensatory damages of $6000.00 and other relief. Doc. 4.

Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 4 at 6. The Court's complaint form requires prisoners to disclose their litigation history, and warns that "failure to disclose all prior civil cases may result in the dismissal of this case." Doc. 4 at 3. Section IV of the Court's civil rights complaint form requires

prisoners to disclose information regarding previous lawsuits. *Id*. at 3-4. Section IV. B & C. require prisoners to disclose whether they have initiated actions in federal or state court "with the same or similar facts/issues involved in this action," or "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" Section IV.D. of the complaint form requires prisoners to disclose whether they have "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each case so dismissed. Plaintiff answered "no" in response to IV.B. Although Plaintiff answered "yes" to IV.C. and D. he failed to identify any cases and wrote "cannot remember" on the form. Doc. 4 at 3-4.

The Court's investigation of Plaintiff's litigation history reflects that he has filed four previous prisoner civil rights cases in this District: *Chestnut v. Petersen*, Case No. 4:11-cv-225-MP-CAS (filed 05/19/11 and closed 03/31/14); *Chestnut v. Tamayo*, Case No. 4:11-cv-00232-MP-WCS (filed 05/23/11 and closed 07/11/11); *Chestnut v. McClendon*, Case No. 4:11-cv-305-WS-CAS (filed 06/21/11 and closed 01/24/14); and *Chestnut v. Eagen*, Case No. 4:12-cv-551-SPM-CAS (filed 10/16/12 and closed 02/19/13). Two of these cases were dismissed prior to service for failure to state a claim upon which relief may be granted, and therefore those cases count as "strikes" for purposes of 28 U.S.C § 1915(g): *Chestnut v. Tamayo,* No. 4:11-cv-00232-MP-WCS (Doc. 8) and *Chestnut v. Eagen*, Case No. 4:12-cv-551-SPM-CAS (Doc. 15).

Although the Court would ordinarily require Plaintiff to show cause as to why this

case should not be dismissed for failure to disclose any of these cases, under the circumstances presented it is apparent that Plaintiff's failure to disclose his filing history cannot be inadvertent and should not be excused. All of the omitted cases were filed within the last three years, and two of the cases were closed in the current year. Moreover, the two most recently-closed cases involved claims of excessive force against officers at Leon County Jail that were extensively litigated. *Chestnut v. Peterson*, Case No. 4:11-cv-225-MP-CAS, remained pending in this Court for three years before concluding in summary judgment in Defendants' favor in March 2014. *Id*. Doc. 71. *Chestnut v. McClendon*, Case No. 4:11-cv-305-WS-CAS, was filed in June 2011 and concluded in a jury trial in January 2014, with a verdict in the Defendant's favor. *Id*. Doc. 117.

It cannot credibly be asserted that Plaintiff could not recall these cases when he executed the civil rights complaint form in this case. Plaintiff made no effort to draw the Court's attention to these prior cases in any fashion. Moreover, the failure to disclose his prior cases is not a mere technicality. The Complaint form expressly requires the prisoner to disclose this information (as well as all other information in the complaint) under penalty of perjury. The Court must be able to rely upon the veracity of the allegations and representations in a prisoner complaint. Untruthfulness – for whatever reason – cannot be tolerated. If the Court was to turn a blind-eye to a prisoner's failure to list all other federal litigation, the message would be clear to other prisoners that the requirement to make full disclosure is aspirational only with no consequences.

Accordingly, where as here, it is clear that there is no basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe all previous lawsuits

as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011); *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.")

In this case, dismissal without prejudice is an appropriate sanction for Plaintiff's failure to disclose *any* of his previous federal cases, including two previous "strikes". This dismissal will also operate as a "strike" pursuant to 28 U.S.C. § 1915(g), and it will be Plaintiff's third strike. It will not, however, prevent Plaintiff from refiling this case and paying the filing fee, nor will it prevent him from seeking leave to proceed as a pauper in other cases if he can demonstrate that he is "under imminent danger of serious physical injury" pursuant to § 1915(g).

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a

pauper should be **DENIED** and this case should be **DISMISSED without prejudice** for abuse of the judicial process.

    **IN CHAMBERS**  this 15th day of August 2014.

                                   *s/Gary R. Jones*
                                   GARY R. JONES
                                   United States Magistrate Judge

**NOTICE TO THE PARTIES**

    **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**